# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

SHAVEL ASSOCIATES, INC.

      Plaintiff,

  -against-                                                    Case No. 12-CV-7318

ANAND INTERNATIONAL, SURESH GARG,        DEFENDANTS' MOTION TO
RAKESH GARG AND KOMAL GARG,                 VACATE DEFAULT & DISMISS
                                                                        PLAINTIFF'S  COMPLAINT

      Defendants.

-----------------------------------------------------------------X

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

<u>PLEASE TAKE NOTICE</u> that on March 4, 2013 at 9:30 a.m. or as on thereafter as this matter can be heard before the Honorable Judge Peter G. Sheridan of the United States District Court for the District of New Jersey, in Courtroom of the above-entitled Court, located at 402 East State Street, Trenton, New Jersey.

("Defendants") will and hereby do move pursuant to Rules 55(c) for an order vacating the entry of default and further relief under Rule 12 (b) of the Federal Rules of Civil Procedure, for an order dismissing all claims against them in this action with prejudice ("Motion").

This Motion is brought pursuant to Rule 55 (c) and Rule 12 (b) on the grounds that:

(1) Defendants have not been served under either under the laws of Republic of India or as prescribed under Hague Convention, thus entry of default must be vacated as court has yet to have jurisdiction on defendant; and

(2) This Court does not have Personal Jurisdiction over the Defendants;

    (3) The Doctrine of Forum Non-Convenience favors Indian Courts to provide an adequate forum.

This Motion is based on this Motion and Notice of Motion, along with the Memorandum of Points and Authorities, and any exhibits attached thereto.

Dated: January 21, 2013

                            By: /s/ Navpreet Kaur

                            _____
                            Navpreet Kaur, Esq.
                            Karamvir  Dahiya (proposed attorney)
                            Dahiya Law Group LLC
                            Attorney for the Defendants.
                            350 Broadway Suite 412
                            New York New York 10013
                            Tel: 212 766 8000
                            Fax: 212 766 8001

Notice to:

James G. O'Donohue, Esq.
Hill Wallack LLP
Attorneys for the Plaintiff
202 Carnegie Center
Princeton, NJ 08543-5226
Email: jodonohue@hillwallack.com

**DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Anand International, Suresh Garg, Rakesh Garg and Komal Garg ("Defendants") respectfully submit through their undersigned attorney, Navpreet Kaur of Dahiya Law Group, LLC, the following in support of the motion to vacate the entry of default and dismissal of this case.  Plaintiff's Complaint should be dismissed for the following three reasons (1) Plaintiff failed to affect adequate service of process under the Hague Convention; (2) this Court does not have personal jurisdiction over the Defendants; and (3) the doctrine of forum non conveniens favors Indian courts to provide an adequate forum.

I.  **PLAINTIFF FAILED TO AFFECT ADEQUATE SERVICE OF PROCESS UNDER THE HAGUE CONVENTION, THUS ENTRY OF DEFAULT MUST VACATED.**

On January 17, 2013, Plaintiff requested the Clerk of Courts enter default against Defendants.  On January 17, 2013, the Clerk of Courts entered default against Defendants. This was improperly done as there was no service upon the defendant and as such the court did not have jurisdiction on the defendants.  All that the plaintiff did was attempt to effect service, attempts alone does not satisfy the service requirement and thus does not fulfill jurisdictional requirement. See Ex. C. Plaintiff's Affidavit in support of entry of default. A party seeking default is to show that an answer or motion was not filed within the allotted time period. Fed. R. Civ. P. 55(a); Enron Oil Corp. v. Diakuhara, 10 F. 3d, 90, 95 (2nd Cir. 1993). And the time to answer commences only upon service of summons and complaint. Fed. R. Civ. P. 12(a).  Service of Summons and Complaint must adhere to the rules.  Fed. R. Civ. P. 4 governs the domestic service of process in United States federal proceedings, in contrast, a different range of laws and treatise controls service of process when the defendant as is here is outside the U.S.  The Hague Convention entered into force in the U.S. on February 10, 1969 (20 U.S.T. 361; T.I.A.S. No.

6638; 28 U.S.C.A. (App. following FRCP 4); 16 I.L.M. 1339 (1977) controls service on the nations which have ratified this convention. Hague Convention provides the exclusive method of serving Indian defendants. Such rules were not complied with, thus time to respond to the Summons and Complaint continues to be extant.

Rule 55 (c) provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." F.R.C.P. 55(c). The Third Circuit has well established that a "default judgment entered when there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside." *U.S. v. One Toshiba Color Television*, 213 F.3d 147, 156 (3rd Cir. 2000)(quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3rd Cir. 1985). If the court finds that process was never properly served, then there is no need for future basis. *Id.* at 156.

Default judgments are generally disfavored. *Budget Blinds, Inc. v.* White, 536 F.3d 244, 258 (3rd Cir. 2008). The party asserting validity of service of process bears the burden of proof. *Grant Entertainment Group v. Star Media Sales*, 988 F.2d 476, 488 (3rd Cir. 1993). Fed. R. Civ. P. 12(b)(5) provides for a motion to dismiss for insufficient service of process. Rule 4(f)(1) provides that the service abroad to a foreign party must be made "by any internationally agreed means reasonably calculated to give notice, such as those authorized body of the Hague Convention." *See Omni Capital Intern, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The Hague Convention provides one basis for the exercise of personal jurisdiction over foreign corporations. *Hague Service Convention*, T.I.A.S. No. 6638, 20 U.S.T. 361 (1965). Where the Hague Convention applies, it will provide the mandatory means for service of process. *See Schlunk v. Volkswagenwerk Aktiengesellscaft*, 486 U.S. 694 (1988). Attempts to affect service in

4

contravention of the Hague Convention run the risk of a later determination that the service of process was void.

India is one of the signatories of the Hague Convention.  In order to adequately serve a party in India, a request for service of process must be made to the Indian Central Authority with a USM-94 form attached to such request.  All requests must be submitted to the Central Authority of the Ministry of Law and Justice Department of Legal Affairs, Room No 439A, 4th Floor, A-wing, Shastri Bhawan, New Delhi 110001, India.  http://travel.state.gov/law/judicial/judicial_2811.html#service (last visited January 21, 2013).  Further, India has made a reservation to the Convention objecting to service of process by mail, or directly through judicial officers of India without the involvement of the Central Authority.  *Id.*

Here, Plaintiff failed to adequately serve the Defendants in compliance with the Hague Convention.  Plaintiff merely mailed a copy of the Summons and Complaint to all of the Defendants via United States mail.  (Please find attached **Exhibit A** – copies of the mailing envelops with U.S. postage stamp).  India objects to service by mail under the Hague Convention.  Upon information and belief, the Plaintiff did not submit a USM-94 from the Indian Central Authority.  (Please find attached **Exhibit B** – Affidavit of Attorney Karamvir Dahiya).  In paragraph 3 of Plaintiff's Affidavit in Support of Request for Default, Plaintiff's counsel has admitted that he *attempted* to make service of process.  "On June 15, 2012, Plaintiff attempted service of a copy of said Complaint and Summons on Defendants in India via personal service pursuant to the Hague Convention.  Service was attempted to Defendants at their place of business located at 191-192, Section 25, Part II, HUDA, Panipat, Haryana, India 1321003."  (Please find attached **Exhibit** C – Plaintiff's Affidavit in Support of Request For Entry of

Default dated January 17, 2013).  Plaintiff has failed to prove adequate service of process on Defendants.  Therefore, Defendants request this Honorable Court to set aside the default.

## II.  PLAINTIFF FAILED TO AFFECT ADEQUATE SERVICE OF PROCESS UNDER THE HAGUE CONVENTION.

Fed. R. Civ. P. 12(b)(5) provides for a motion to dismiss for insufficient service of process.  Rule 4(f)(1) provides that the service abroad to a foreign party must be made "by any internationally agreed means reasonably calculated to give notice, such as those authorized body of the Hague Convention."  *See Omni Capital Intern, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The Hague Convention provides one basis for the exercise of personal jurisdiction over foreign corporations.  *Hague Service Convention*, T.I.A.S. No. 6638, 20 U.S.T. 361 (1965).  Where the Hague Convention applies, it will provide the mandatory means for service of process.  *See Schlunk v. Volkswagenwerk Aktiengesellscaft*, 486 U.S. 694 (1988).  Attempts to affect service in contravention of the Hague Convention run the risk of a later determination that the service of process was void.

India is one of the signatories of the Hague Convention.  In order to adequately serve a party in India, a request for service of process must be made to the Indian Central Authority with a USM-94 form attached to such request.  All requests must be submitted to the Central Authority of the Ministry of Law and Justice Department of Legal Affairs, Room No 439A, 4th Floor, A-wing, Shastri Bhawan, New Delhi 110001, India.  http://travel.state.gov/law/judicial/judicial_2811.html#service (last visited January 21, 2013).  Further, India has made a reservation to the Convention objecting to service of process by mail, or directly through judicial officers of India without the involvement of the Central Authority.  *Id.*

Here, Plaintiff failed to adequately serve the Defendants in compliance with the Hague Convention. Plaintiff merely mailed a copy of the Summons and Complaint to all of the Defendants via United States mail. (Please find attached **Exhibit A** – copies of the mailing envelops with U.S. postage stamp). Plaintiff did not submit a USM-94 from the Indian Central Authority. (Please find attached **Exhibit B** – Affidavit of Attorney Karamvir Dahiya). Therefore, Plaintiff's Complaint should be dismissed as the service of process was inadequate under the Hague Convention.

**III.   THIS COURT LACKS PERSONAL JURISDICTION OVER ALL DEFENDANTS.**

Respectfully, this Court does not have personal jurisdiction on the Defendants and hence a lack thereof of the same--this case is dismissible. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999)(the court may properly address the personal jurisdiction question first). All of the Defendants are foreign persons or entities that reside in India. There are no minimum contacts with the State of New Jersey and the exercise of personal jurisdiction over the Defendants offends traditional notions of fair play and substantial justice.

In terms of exercising personal jurisdiction on the foreign defendants, the Supreme Court has properly cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987)(quoting *United States v. First Nat. City Bank*, 379 U.S. 378, 404 (1965).

Neither was there any proper service upon the defendants, nor is there any "constitutionally sufficient relationship between the defendants and the forum." It is clear that absent consent, an out of country entity or individual may not be constitutionally bound to a judgment rendered in a forum with which it has "no meaningful 'contacts, ties, or relations.'"

<pre/>

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  A federal court exercising diversity jurisdiction must find sufficient contacts between the defendant and the forum state to satisfy both: (i) the state's long-arm statute; and (ii) the Due Process Clause.  *Id.*  Under either of the tests "specific" or "general jurisdiction" the plaintiff cannot satisfy the personal jurisdictional test to subject the defendants to this court.

The Defendants have not established sufficient "minimum contacts" with the forum such that they "should reasonably anticipate being hailed into the court there."  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); see also *Burger King* at 474.  Keeping in view of lack of any connection with the State of New Jersey, assertion of jurisdiction is inconsistent with "traditional notions of fair play and substantial justice."  *Volkswagen*, 444 U.S. at 292.  It would be unreasonable for this Court to subject the Defendants to its jurisdiction.  *Id.*

A court without personal jurisdiction may not hear a dispute as it has no power over the defendant.  *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574 (1999).  It is the plaintiff's burden to prove personal jurisdiction.  *See, e.g., Negron-Torres v. Verizon Comm. Inc.,* 478 F.3d 19, 23 (1st Cir. 2007).  The Plaintiff's Complaint fails to show Defendants' had some minimum contacts with New Jersey where they should reasonably anticipate being hailed into the court there.

An analysis of whether a court's exercise of specific personal jurisdiction comports with the Due Process Clause is a two-step inquiry.  *See Benton v. Cameco Corp.,* 375 F.3d 1070, 1075 (10th Cir.2004), *cert. denied,* 544 U.S. 974, 125 S.Ct. 1826, 161 L.Ed.2d 723 (2005).  First we consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hailed into court there." *Volkswagen,* 444 U.S. at 297.  Second, "if the defendant's actions create sufficient minimum contacts, we must then consider

whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir.1998) (quotations omitted).

### a) Defendants' actions did not create sufficient minimum contacts with New Jersey.

The Defendants have not purposefully established "continuous and systematic contact" with State of New Jersey so as to enable the Plaintiff to obtain general jurisdiction over the Defendants. *Helcopteros Nacionales de Colmbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). Therefore, the next question is whether or not the Defendants' have sufficient minimum contacts with the State of New Jersey in order for this Court to have specific personal jurisdiction.

The Defendants have not conducted any activities within New Jersey, other than shipment of goods from India.  Delivery of goods from India via shipment cannot create a sufficient nexus between the forum state and the Defendants. Thus, the defendants have not "'deliberately' engaged in significant activities within a State . . . or has created 'continuing obligations' between himself and residents of the forum . . . ." *Burger King* at 475-476 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 (1984).

Shipment of goods is not an act of contact as to be "so extensive to be tantamount" such that it would be fair to require it to answer in that state in any litigation arising anywhere. *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)  (general jurisdiction requires a "showing that the defendant has continuous  and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power  with respect to any and all claims the plaintiff may have against the defendant.").

It is clear that personal jurisdiction over a nonresident defendant cannot be based merely on the fact that it entered into a contract with a resident plaintiff.  See Burger King at 478;

*Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.*, 75 F.3d 147, 151 (3rd Cir. 1996).  It is in India that the goods were manufactured and prepared according to the instructions given by the Plaintiff.  The Plaintiff visited the manufacturing Unit in Panipat and purchase price was sent to Panipat.  *See Id.* (no jurisdiction in Pennsylvania when plaintiff solicited the contract by telephone and personal visits to defendant in California, contract signed in California and goods delivered and paid for in California) (citing B*ell Paper Box, Inc. v. Trans Western Polymers, Inc.*, 53 F.3d 920, 922 (8th Cir. 1995)); *Stranahan Gear Col, Inc. v. NL Industries, Inc.*, 800 F.2d 53, 59, 5 Fed. R. Serv. 3d 1 (3rd Cir. 1986) (two visits by buyer's employees "fail to establish vigorous negotiating or dictating of contract terms and departure from the passive buyer role required to make this courts' exercise of jurisdiction fair and reasonable.").

  A defendant creates minimum contacts for personal jurisdiction when the defendant's purposeful availment could lead him to reasonably anticipate being hauled into court within the forum state.  *Volkswagen*, 444 U.S. at 297.  Whether or not there are minimum contacts for personal jurisdiction depends on many factors.  Courts have looked at prior negotiations, whether the defendant has a presence within the state (through an office, agent, sales representative, etc.) and what role did the defendant play within the forum state.  *Burger v. King*, 471 U.S. at 473.  Even a mere contract between a foreign party and a resident of the forum state cannot, standing alone, cannot establish minimum contacts with the forum.  *Id.* at 479.

  The presence of defendant's employees within the forum state for an isolated, one time meeting does not establish minimum contacts.  *Benton v. Cameco Corp.*, 375 F.3d. 1070 (10th Cir. 2004).  In *Benton*, the Tenth Circuit held that an isolated meeting where the employees of a Canadian company went to Colorado for a due diligence review did not establish minimum

contacts on its own. *Id.* However, this was not an isolated event as the plaintiff and defendants had known and done business with one another for six years prior to the visit. *Id.*

Here, Defendant Anand International is a company that does business in India. Anand International does not have any employees, agents, or an office within the State of New Jersey. Plaintiff's Complaint has failed to show any instance where Defendants have any contacts to New Jersey. Unlike *Benson*, where there were ongoing business transactions between the parties for six years prior, the parties in this case had never worked with one another. In fact, the parties first met each other at the International Home Textiles Trade Fair in Frankfurt, Germany. Defendants only arrived to New Jersey after being approached by Plaintiff in Germany and when the Plaintiff demanded to see samples of the MicroFlannel.

Although the parties entered into a contract, it was not reasonable for Defendants to believe that they would be hailed into a New Jersey Court. All of the manufacturing, napping, packaging was to occur in India and not in New Jersey. Further, Plaintiff even took control of the shipping. All of Defendants' responsibilities were present in India, where the products would be manufactured, inspected, and shipped and not New Jersey.

Besides the friendly visits between the parties, Plaintiff has failed to prove Defendants have any minimum contacts with the State of New Jersey. Therefore, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

    **b) Exercise of personal jurisdiction over the Defendants offends traditional notions of fair play and substantial justice.**

Due process requires both minimum contacts and in the event there are minimum contacts, the personal jurisdiction over the defendants should not offend the traditional notions of fair play and substantial justice. *OMI*, 149 F.3d at 1091. "The reasonableness prong of the due process inquiry evokes a sliding scale . . . ." *Id.* at 1092 . Court's focus on the following factors

to determine which side of the sliding scale the particular case tips towards in order to see if obtaining personal jurisdiction over the defendant is reasonable: (1) location of the parties; (2) the connection of the parties to the forum state; (3) the forum state's interest; (3) whether the Plaintiff can receive convenient and effective relief in another forum; (3) the most efficient place to litigate the dispute; and (5) whether the exercise of personal jurisdiction by the forum state affects the substantive social policy interests of other states or foreign nations. *Id.*

Here, the Defendants are all located in India. Defendant Anand International's employees and directors that will have to testify are located in India. Defendants do not have any employee, office, or agents in New Jersey. Officers and employees would have to travel outside of their home country, and be forced to litigate the dispute in a foreign forum. All of the alleged events which have led to the filing of this Complaint all occurred in India and not New Jersey. All of the equipment, the manufacturing plant, and the witnesses are in India. New Jersey will have to hear and try a case where the only event that took place within New Jersey were a handful of visits by the Defendants to finalize the contract.

## IV. THE DOCTRINE OF FORUM NON CONVENIENS FAVORS INDIAN COURTS TO PROVIDE AN ADEQUATE ALTERNATIVE FORUM.

Plaintiff's Complaint should be dismissed on the grounds of forum non conveniens because the courts of India are better situated to evaluate Plaintiff's claims. There is a two-part test to analyze an application of the forum non conveniens doctrine. Initially, the court determines whether there exists an available and adequate alternative forum where the dispute can be adjudicated. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). This inquiry consists of two parts: availability and adequacy.

A threshold question in the forum non conveniens analysis is the degree of deference that should be accorded to the plaintiff's forum non conveniens. *See Piper Aircraft*, 454 U.S. at 255. Where the circumstances indicate that the parties and events bear no bona fide connection to the United States, or that in relation to the core operative facts in dispute they have at best marginal links to the plaintiff's choice of forum, that choice of venue is not entitled to special deference. *Piper Aircraft*, 454 U.S. at 256.

Here, the operative facts in this action have little connection with this District. All of the legally significant acts underlying Plaintiff's claims took place in India, the essential witnesses are located in India and outside of the limits of the Court's subpoena power, and adjudication of the dispute would likely involve application of Indian law. Therefore, an Indian Court would be far situated to evaluate Plaintiff's claims and have greater access to witnesses and evidence.

The doctrine of forum non conveniens requires an adequate alternative forum. Indian courts have been previously found to provide an adequate alternative forum. *See In re Union Carbide Corp. Gas Plant Disaster at Bhopal,* 809 F.2d 195, 202-03 (2nd Cir. 1987). In determining whether an adequate alternative forum exists, courts look to the private interests and public interest.

The private interests of the litigants the Court must consider under the *Gilbert* analysis are: (1) the ease of access to evidence; (2) the availability of compulsory process; (3) the cost for cooperative witnesses to attend trial; (4) the enforceability of a judgment; and (5) all other practical matters that might shorten any trial or make it less expensive. *See Gilbert*, 330 U.S. at 508.

In the instant case, these factors all weigh strongly in favor of dismissing this action and enabling the parties to litigate their dispute in India. As this action relates to breach of contract,

and all conduct alleged in the Complaint occurred in India, all the witnesses and evidence pertaining to these matters is located in India. Therefore the *Gilbert* private interest factors support dismissal.

The *Gilbert* public interest factors the Court must weigh include: (1) administrative difficulties relating to court congestion; (2) imposing jury duty on citizens of the forum; (3) having local disputes settled locally; and (4) avoiding problems associated with the application of foreign law. *See Gilbert*, 330 U.S. at 508-09.

This is a dispute between the Plaintiff and Defendants of India. The disputed conducted allegedly took place in India where Defendant manufactured and shipped the MicroFlannel. In order for this Court to try hear this dispute, it will have significant administrative difficulties by trying to obtain evidence, subpoena witnesses, and possibly even have to hire multiple translators. Further, it will impose jury duty on residents of New Jersey and impose a burden to have to resolve a dispute over events which occurred in India.

For these reasons, Defendants request that this Honorable Court vacate the entry of default and dismiss Plaintiff's Complaint in its entirety.

Dated: New York, New York
January 21, 2013

                                                          DAHIYA LAW GROUP, LLC

                                 */s/navpreet kaur*
                       By: _____
                              Navpreet Kaur, Esq.
                              Dahiya Law Offices LLC
                              Karamvir Dahiya, Esq. (Proposed Attorney)
                              Counsel for Removing Defendants
                              350 Broadway, Suite 412
                              New York, New York 10013
                              (212) 766-8000
                              Kaur@legalpundit.com