**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAVEL ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANAND INTERNATIONAL, SURESH GARG, RAKESH GARG AND KOMAL GARG, <br><br> Defendants. | CIVIL ACTION NO. 3:12 CV-7318-PGS-LHG <br><br> DOCUMENT ELECTRONICALLY FILED <br><br> MOTION DATE:  October 20, 2014 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**
**APPLICATION TO BE ADMITTED *PRO HAC VICE***

James O'Donohue
HILL WALLACK LLP
P.O. Box 5226
Princeton, NJ 08543-5226
(609) 924-0808
Attorneys for Shavel Associates, Inc.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 3

STATEMENT OF FACTS AND PROCEDURAL HISTORY......................................... 4

LEGAL ARGUMENT........................................................................................................ 7

DEFENDANTS' COUNSEL'S NOTED DELAY TACTICS RESULTING IN A SANCTION WARRANTS DENIAL OF ADMISSION *PRO HAC VICE* ........................................ 7

CONCLUSION................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

Cooper v. Hutchinson, 184 F.2d 119 (3d Cir. 1950) ........................................................................ 7

Kohlmayer v. National R.R. Passenger Corp., 124 F. Supp.2d 877 (D.N.J. 2000) ..................... 7, 8

Leis v. Flynt, 439 U.S. 438 (1979) .................................................................................................. 7

**Statutes**

28 U.S.C §§1332 and 1441 ............................................................................................................. 5

**Rules**

L.Civ.Rule 101.1 .......................................................................................................................... 6, 7

## **PRELIMINARY STATEMENT**

Plaintiff, Shavel Associates, Inc. ("Shavel") seek an order denying defendants' application to admit their attorney, Karamvir Dahiya, admission *pro hac vice*. Keeping in mind the Court's wide latitude in granting such applications, Shavel brings this opposition to direct the Court's attention to an opinion issued in an unrelated matter that characterizes Mr. Dahiya as acting "in bad faith to multiply these proceedings unreasonably and vexatiously." Similarly, the character of this pending case is defined by delay after delay and has apparently come full circle with Mr. Dahiya making a late appearance only to belatedly request relief without so much as an explanation for this delay.

Mr. Dahiya failed to include in his application any information regarding the sanction issued by the United States Bankruptcy Court, Eastern District of New York, just last year on March 11, 2013. In a 32-page opinion criticizing Mr. Dahiya's actions as causing "significant and unnecessary delay," the Honorable Elizabeth S. Strong, U.S. Bankruptcy Judge sanctioned Mr. Dahiya $15,000. The opinion cited no less than four separate cases in which Mr. Dahiya attempted these same actions. This disturbing pattern of delay serves no other purpose than to cause unnecessary delay and abuse to the processes of this Court.

Unfortunately, Mr. Dahiya seeks to do the same in this case. Despite Mr. Dahiya's firm's involvement in this matter since its removal to this Court almost two years ago on November 27, 2012, Mr. Dahiya only now seeks leave to seek admittance despite his notice of Shavel's filing of service of the complaint, request for a conference, and request to enter default. Mr. Dahiya's dilatory actions cannot be countenanced. For the reasons more fully set forth herein, he should not be granted admission *pro hac vice*.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 28, 2012, Shavel filed a seven-count complaint ("Complaint") against Defendants in the Superior Court of New Jersey, Law Division, Mercer County, Docket No. MER-L-752-12. See Complaint, attached to the Certification of James G. O'Donohue, Esq. ("JGO Cert.") as Ex. A. Shavel's complaint alleged devastating losses due to Defendants' delivery of poor quality goods, which goods were delivered too late to remedy, as Shavel had its own deadlines to meet with its vendors. Id.

After failing to resolve the issues with Defendants, on June 15, 2012, Shavel initiated service of the Complaint on Defendants by personal service pursuant to the terms of the Hague Convention. See JGO Cert., ¶3. On June 26, 2012, Liliana Apolinario of Guaranteed Subpoena requested service of the documents in India to the Joint Secretary, Ministry of External Affairs, Legal & Treaties Division, the designated entity authorized to receive and effect service of judicial documents in India. See Affidavit of Liliana Apolinario, ¶4, JGO Cert., Ex. B.

On July 20, 2012, Shavel received correspondence from Subhash Chahar, Branch Manager with a credit company for Anand, acknowledging the Complaint. See July 20, 2012 email, JGO Cert., Ex. C. Nevertheless, defendants continued to deny service of the Complaint and on or about November 21, 2012, Shavel received correspondence from the District and Sessions Judge in Panipat that the Complaint had not been served because the parties were out of town. See Notice, JGO Cert., Ex. D. The notice stated that despite three separate attempts to personally serve defendants on September 5, 2012, September 18, 2012, and September 24, 2012, defendants were not personally served with the Complaint. Id. All three times, the process server spoke with an accountant of the firm who stated that the Defendants were away on business and there was no set time to return. Id.

4

On November 5, 2012, *almost two full years ago*, Shavel's attorney received correspondence from Karamvir Dahiya requesting a short extension of time to file a responsive pleading, which stipulation extended the time to file a responsive pleading until December 15, 2012. See November 5, 2012 email, JGO Cert., Ex. E. No answer or responsive pleading was ever filed.

Instead, on November 27, 2012, Defendants filed a Notice of Removal from Mercer County Superior Court of New Jersey to this Court pursuant to 28 U.S.C §§1332 and 1441. Docket Entry ("DE") #1. Thereafter, no further pleading, answer or motion was provided.

Therefore, on January 16, 2013, Shavel filed a Motion for Entry of Default pursuant to Federal Rules of Civil Procedure 55(a) against Defendants based upon their failure to plead or otherwise defend within the time allowed. DE #3.

On January 21, 2013, Defendants filed a Motion to Vacate Default and Dismiss Plaintiff's Complaint based upon improper service, lack of personal jurisdiction and *forum non conveniens*. DE #6. On June 13, 2013, a telephonic hearing was held with the Honorable Peter G. Sheridan, at which time he denied defendants' motion to dismiss for lack of jurisdiction and granted their motion to set aside default. DE #26, 27. He also denied Shavel's cross motion to serve the Complaint on defendants' attorneys or in the alternative to serve the defendants by email, instead ordering Shavel to attempt to serve the Complaint pursuant to the Hague Convention. Id.

Shavel immediately re-attempted service on defendants in accordance with the Hague Convention. See JGO Cert., ¶8. Judge Sheridan held two telephone conferences with the parties on August 15, 2013 and November 1, 2013, during which the issue of whether Shavel was properly pursuing service of defendants was discussed. DE #31. Upon Judge Sheridan's

5

recommendation, Shavel filed a Motion to Deem Service Complete or In the Alternative to Permit Alternative Service on December 13, 2013. DE #35.

On May 2, 2014, while the motion was pending, Shavel was advised that service had been completed on defendants and notified the Honorable Lois H. Goodman of this in a letter dated May 5, 2014. DE #36. In that letter, Shavel also requested a case management conference to "set deadlines on matters going forward." Id. This letter was sent to "all counsel of record via ECF." Id. Included on the ECF notification was Mr. Dahiya's email address, karam@legalpundit.com, which he recently used to communicate with counsel to Shavel. See JGO Cert., ¶9, Ex. F. Counsel to defendants never responded to this request, nor did it alert the Court as to any change in status as to representation of defendants. See JGO Cert., ¶10. Upon information and belief, the attorney who represented defendants in this matter, Navpreet Kaur, Esq., was no longer with Mr. Dahiya's law firm as of December 2013. See JGO Cert., ¶11; Ex. G.

On June 25, 2014, Shavel requested default against defendants for their failure to answer or otherwise respond to the Complaint, which was immediately entered by the clerk. DE #37. Again, no one from Mr. Dahiya's law firm responded or otherwise made an appearance with respect to entry of default despite notice being sent to Mr. Dahiya's email address.

On September 4, 2014, Judge Goodman set a telephone conference with counsel at which time it was first learned that defendants were no longer represented by Ms. Kaur or that defendants would move to vacate entry of default.

On September 15, 2014, Mr. Dahiya filed a Motion to Appear *Pro Hac Vice*, which was denied because the submissions did not meet the requirements of L.Civ.Rule 101.1. DE #38, 39.

On September 16, 2014, Mr. Dahiya filed a new Motion to Appear *Pro Hac Vice*, which motion is returnable on October 20, 2014. DE #40.

## LEGAL ARGUMENT

### DEFENDANTS' COUNSEL'S NOTED DELAY TACTICS RESULTING IN A SANCTION WARRANTS DENIAL OF ADMISSION *PRO HAC VICE*

*Pro hac vice* admission is a privilege that lies almost entirely at the discretion of the Court. Leis v. Flynt, 439 U.S. 438 (1979); Cooper v. Hutchinson, 184 F.2d 119, 122 (3d Cir. 1950) ("It has always been thought that the license to practice law is limited, except as a matter of grace, to persons who had fulfilled the local requirements for practice."). That discretion, which has not been specifically defined, has been interpreted by the Courts in New Jersey to include the discretion to bar an attorney who exhibits behavior that will ultimately "hinder the litigation process." Kohlmayer v. National R.R. Passenger Corp., 124 F. Supp.2d 877, 882 (D.N.J. 2000). While this discretion is not to be taken lightly, this discretion provides the Court with an important tool to ensure an efficient and just judicial process. Where there is evidence of delay at the outset, it is appropriate to deny admission in order to avoid the inevitable.

Local Civil Rule 101.1 states in pertinent part:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case.

L.Civ.R. 101.1(c)(1) (emphasis added). "[F]ederal courts have wide discretion in granting admission to practice *pro hac vice*." Kohlmayer, 124 F. Supp.2d at 879. There need not be any actual disciplinary proceedings filed against the attorney, rather "the court has

7

discretion to deny an application regardless of past or present disciplinary actions and regardless of 'good standing' status in the bar of his or her home state." Id. at 883.

In denying *pro hac vice* admission to an attorney who demonstrated unethical and uncivilized behavior, the Honorable Nicholas H. Politan made the notable observation:

> When forewarned with a substantial amount of evidence that an attorney is likely to hinder the litigation process, a court should not and cannot be forced to grant a *pro hac vice* application of that attorney.

Kohlmayer, 124 F. Supp.2d at 883. Here, we have been forewarned of Mr. Dahiya's actions through Judge Strong's opinion as well as his own action – or inaction – to date.

Mr. Dahiya's past history of delay, which is well documented in Judge Strong's 32-page opinion issuing sanctions against Mr. Dahiya, strongly suggests his motives in this belated filing here and his stated intentions to relitigate issues already addressed by this Court. In Judge Strong's opinion, she outlines Mr. Dahiya's history of delay riddled with meritless claims and baseless allegations against the adversary. See JGO Cert., Ex. H. Mr. Dahiya was accused by his adversary of bringing claims "in bad faith and mak[ing] meritless allegations in order to harass, intimidate, and disparage the Trustee and her counsel and to frustrate the purpose of the bankruptcy process and prevent the Court from reaching the merits of this adversary proceeding." Id., p. 6. Two claims were brought against Mr. Dahiya in support of sanctions – his pursuit of meritless claims and his bad faith in asserting these claims. Id., 21-28. In a procedural history marked with numerous delays and failures to meet deadlines, Judge Strong noted that Mr. Dahiya's actions were "burdensome to all of the parties to these proceedings, and poses a threat to the integrity and efficiency of the bankruptcy process." Id., p. 27-28. Judge Strong ultimately found that Mr. Dahiya had acted for an improper purpse and in bad faith. Id., at 28.

8

Mr. Dahiya's actions are similar to those in this case, which has been pending for 30 months, where he failed to advise this Court regarding Ms. Kaur, and he failed to apprise this Court of defendants' representation in this matter. He failed to make any record of appearance after Shavel's request for a conference following service on defendants and after Shavel's request for entry of default. Rather, he waited until this Court called a telephone conference in order to alert the Court that – nine months after Ms. Kaur has left his firm, they have gone unrepresented by proper counsel because Mr. Dahiya is not admitted in New Jersey. More troublesome is his representations to Judge Goodman during the telephone conference that he intends not only to move to vacate default, but to re-argue service of the Complaint. Based on Mr. Dahiya's past performance, it is clear that he seeks only to prolong this matter unnecessarily. His actions – or inactions – cannot again be countenanced.

## CONCLUSION

For the foregoing reasons, defendants' counsel's request to be admitted *pro hac vice* should be denied.

Respectfully submitted,
HILL WALLACK LLP

By: /s/ James G. O'Donohue
    James G. O'Donohue
    202 Carnegie Center
    Princeton, New Jersey 08543
    (609) 924-0808
    jodonohue@hillwallack.com
    Attorneys for Shavel Associates, Inc.

Dated: September 22, 2014