# EXHIBIT C

THE LAW OFFICES OF AVRUM J. ROSEN, PLLC
ATTORNEYS AT LAW
38 NEW STREET
HUNTINGTON, NEW YORK 11743

..............
Telephone (631) 423-8527
Facsimile (631) 423-4536
e-mail address ajrlaw@aol.com

AVRUM J. ROSEN　　　　　　　　　　　　　　　　　　　ALLAN B. MENDELSOHN *
FRED S. KANTROW　　　　　　　　　　　　　　　　　　MICHAEL J. O'SULLIVAN *
　　　　　　　　　　　　　　　　　　　　　　　　　　　(* of counsel )

KIMBERLY I. BERSON
DEBORAH L. DOBBIN
GEORGE N. BARA
KATHERINE A. GERACI

June 11, 2012

Hon. Elizabeth S. Stong
United States Bankruptcy Judge
United States Bankruptcy Court
271 Cadman Plaza East
Brooklyn, New York 11201

Re:　In re Khan, Chapter 7, Case No. 10-46901-ess
　　　Kramer v. Mahia, Adv. Pro. No. 11-1520-ess

Dear Judge Stong:

　　　I write this letter as a reply, and an opposition to the request for an adjournment from Mr. Dahiya. The request must be denied for a multitude of reasons. While, normally, this office would not hesitate to grant an adjournment to an attorney who was not capable of proceeding, either by physical or mental disability, the undersigned does not believe that this is the case in the present request.

Simply put, nothing in Mr. Dahiya's letter rings true. Annexed as Exhibit A is Mr. Dahiya's letter to Ms. Kramer, and this office's reply. Mr. Dahiya did not disclose any personal illness in that request. The undersigned specifically pointed out that at the last hearing on this matter, Mr. Dahiya had made mention of the four pending appeals that he had and the fact that these were going to require a lot of work. Your Honor repeatedly advised him to get counsel, and that this was the most important matter that he should deal with.

Instead, Mr. Dahiya waited until more than a week *after* the pre-trial statement in this matter was due to first request an adjournment. This Court is well aware of Mr. Dahiya's dilatory tactics, and specifically entered an Order requiring when everything had to be filed. This office complied.

More disturbing is the fact Mr. Dahiya does not appear to have any pending appeals that require his attention. The undersigned has run searches of the docket under his name in the Eastern District Bankruptcy Court, the Southern District Bankruptcy Court, the Southern District of New York and the Eastern District of New York. In addition, there are no deadlines approaching for any matters that are on before the District Court. Indeed, in the two matters in which briefs were due, Mr. Dahiya has already passed the dates where those briefs were to be filed. All of the cases in which Mr. Dahiya has filed in the Eastern District of New York are annexed hereto as Exhibit B. The Court will see that in the case of Mary Koutsagelos v. DeRosa 12-CV 01703, that an Order was entered on April 5, 2012 directing the filing and documenting of the brief within 14 days. A motion was made to extend the time, which was granted giving Mr. Dahiya another 45 days. That time period has now passed and no brief has been filed. A copy of that docket sheet is annexed hereto as Exhibit C. His letter request is also annexed as Exhibit C. In the case of Santangelo v. Pryor 12-CV-02310, an appeal was filed and an Order was entered directing the filing of a brief without fourteen days of May 18, 2012. Mr. Dahiya made a motion to reassign that case to another District Court Judge, but never moved for a stay of the time to perfect the appeal, or for an extension of that time. Accordingly, that time has now passed. A copy of that docket sheet is annexed hereto as Exhibit D. A review of all of the other cases filed in the Bankruptcy Court for the Eastern District by Mr. Dahiya, shows that there are no cases with open appeals. A copy of that list is annexed hereto as Exhibit E.

Indeed, it is extremely troubling that despite Mr. Dahiya's protestations of being swamped, and not having the time to do the work, and being in dire psychological distress, that he nonetheless undertook to file a new case on May 14, 2012. Several days *after* he new that he had all of the work and pre-trial statement to do in this case. A copy of that docket page is annexed as Exhibit F. In addition, on April 30, 2012, Mr. Dahiya filed another chapter 7 matter, a copy of which is also annexed hereto as Exhibit G. A search of the Southern District appeals, shows that Mr. Dahiya is involved in only one Southern District matter, and that there is nothing pending in that matter and all motions have been submitted.

Lastly, in the age of the internet, one must be careful what tales one tells. Mr. Dahiya's facebook page is unrestricted. A review of his page will show that other than being obsessed with working out, and several personal events that he has gone to in the last week or two, there is no sign of any mental distress or any slowdown in social activity. Lastly, Mr. Dahiya has appeared in court on several matters recently, and appeared at the CLE in the middle of May, where he proceeded to attempt to ask questions on this case from the panel of judges.

One of the more disturbing aspects of this letter, despite all of the inaccuracies, is the fact that he continues to not understand what this case is about. The last line of the third paragraph in the letter states "The issues raised in this matter are of very vital importance to both the consumer bar and debtors at large." This statement was made, despite the fact that your Honor explicitly told Mr. Dahiya that this trial was not about the U.S. Trustee program, was not about what trustees do in other cases, and was only about what he had done in this case, shows that he continues to engage in his own crusades despite what this Court has ordered.

Given these inaccuracies, it is respectfully submitted that this Court should not even begin to consider an adjournment of his hearing, unless and until, Mr. Dahiya were to submit an affidavit

from a licensed medial doctor saying that he is unable to proceed with this matter. If that is the case, then Mr. Dahiya should also make provisions with the Bar Association to have other counsel take over his caseload while he gets any required help that he may need. He should certainly not be filing new cases, or continuing to represent people if he is in as fragile a mental state as he claims to be.

Thank you.

Very truly yours,

*S/Avrum J. Rosen*

Avrum J. Rosen

AJR:ls
Encl.

R:\K\Kramer-Khan S\correspondence\chambersltr reply to request for adjournment.wpd