# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SHAVEL ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANAND INTERNATIONAL, SURESH GARG, RAKESH GARG, and KOMAL GARG, <br><br> Defendants. | Civil Action No. 3:12-cv-07318-PGS-LHG <br><br> Document Filed Electronically |

## DEFENDANTS' ANSWER AND COUNTERLCAIM

Defendants Anand International ("Anand"), Suresh Garg, Rakesh Garg, and Komal Garg (collectively, the "Garg Defendants" and with Anand, the "Defendants"), by and through their undersigned attorneys, as and for their Answer to Plaintiff's Complaint, state as follows:

## THE PARTIES

1.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendants admit that Anand is an India-based company with a principal place of business in Panipat, Haryana, India.

3.      Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Defendants deny the allegations contained in paragraph 10 of the Complaint except admit that Shavel Associates, Inc. ("Shavel") and Anand had a previous business relationship and that relationship started in or about 2007.

11.     Defendants deny the allegations contained in paragraph 11 of the Complaint except admit that in or about January 2011, a representative from Shavel met a representative of Anand at an international trade fair for home and contract textiles.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint except admit that in or about January 2011, a representative from Shavel had a conversation with a representative from Anand about issues related to MicroFlannel® fabric and the manufacture of sheets.

### Contract and Purchase Orders

13.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint except admit that in 2011 representatives of Shavel met with representatives of Anand at Shavel's offices in Princeton, NJ at which time a sample of the MicroFlannel® fabric was provided by Anand to Shavel.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint except admit that in 2011, Anand and Shavel started their negotiations regarding a contract for the production of MicroFlannel® sheets.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15 of the Complaint except admit that in 2011, Anand and Shavel participated in meetings both in Princeton, New Jersey and in India regarding future orders for the production of MicroFlannel® sheets and that Shavel toured Anand's manufacturing facility in India.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint except admit that Shavel informed Anand in 2011 that it had clients to which the MicroFlannel® sheets would be supplied.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint except admit that in 2011 Shavel and Anand entered into a contract and various purchase orders followed for the manufacture of certain quantities of MicroFlannel® sheets (the "Goods"), and that Shavel placed orders in batches with scheduled shipment dates that were modified from time to time by agreement of the Parties.

18.     Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint except admit that Shavel made an advance deposit of $200,000 to enable Anand to procure

suitable raw materials and begin production of the Goods.

## Manufacturing Problems

21.     Defendants deny the allegations contained in the first sentence of paragraph 21 except admit that in 2011 the Parties mutually agreed to outsource the manufacture of part of the Goods to meet the enhanced production requirements of Shavel.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 21 of the Complaint except admit that Shavel took no issue with this outsourcing arrangement.

22.      Defendants deny the allegations contained in the first sentence of paragraph 22 of the Complaint and lack knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in the first sentence of paragraph 23 except admit that in 2011 the Parties mutually agreed to outsource the manufacture of part of the Goods to meet the enhanced production requirements of Shavel.

24.     Defendants deny the allegations contained in paragraph 24 of the Complaint except admit that Anand did inform Shavel that it needed to procure more napping machinery to meet Shavel's enhanced napping requirement.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint except admit that in or about April 2011 Shavel went to Anand's manufacturing facility in India to, among other things, inspect the Goods, and at that same time, Shavel made comments about the quality of the Goods and was satisfied with the quality of the Goods inspected.

26.     Defendants deny the allegations contained in paragraph 26 of the Complaint except admit that the Parties mutually agreed to amend various purchase orders and delivery

4

dates.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint except admit that the Parties mutually agreed to amend various purchase orders and delivery dates.  Defendants further state that they lack knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 27 regarding Shavel's clients and the purported dates/deadlines.

29.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Complaint except admit that Shavel accepted a shipment of Goods from Anand in or about July 2011.

30.      Defendants deny the allegations contained in the first part of paragraph 30 of the Complaint and lack knowledge or information sufficient to form a belief about the truth of the second part of the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint except admit that by agreement of the Parties, Anand did send on occasion partial shipments or combined shipments.

32.     Defendants lack knowledge or information sufficient to form a belief about Shavel's actions as alleged in paragraph 32 of the Complaint and deny the allegations contained in paragraph 32 of the Complaint regarding the alleged delay caused by Defendants.

33.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations contained in paragraph 34 of the Complaint.

35.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint except admit that at some point Shavel notified Anand by telephone and email about alleged issues regarding the Goods received.

37.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

## Poor Sales and Lost Revenue

38.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint.

42.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint.

## Defendants' Acknowledgment of Poor Quality

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint

except admit that Shavel notified Anand by an email dated October 19, 2011 about alleged issues regarding the Goods received and refer the Court to said email for its contents.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint except admit that Suresh Garg and Rakesh Garg, as representatives of Anand, visited Shavel to discuss the outstanding amounts due to Anand which Shavel wrongfully failed to pay despite repeated requests by Anand.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 46 of the Complaint except admit that an individual was present who Shavel claimed to be an interpreter.

## COUNT I
## Breach of Contract

47.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-46 of the Complaint.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint

## COUNT II
## Breach of Contract
## (Convention for the International Sale of Goods)

53.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-52 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of the Complaint.

**COUNT III**
**UCC §2-314 – Breach of Implied Warranty of Merchantability**

62.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-61 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint except admit that Shavel and Anand entered into a contract for the manufacture of MicroFlannel® sheet sets.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint except admit that Anand is in the home textile and furnishings business and the Garg Defendants work at Anand.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

**COUNT IV**
**UCC §2-315 – Breach of Implied Warranty of Fitness for a Particular Purpose**

68.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-67 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint

8

except admit that Shavel and Anand entered into a contract for the manufacture of MicroFlannel® sheet sets.

70.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 70 of the Complaint.

71.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

**COUNT V**
**UCC §2-313 – Breach of Express Warranty**

79.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-78 of the Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Complaint except admit that Shavel and Anand entered into a contract for the manufacture of MicroFlannel® sheet sets.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of the Complaint.

9

84.     Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in paragraph 86 of the Complaint.

**COUNT VI**
**Consumer Fraud**

87.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-86 of the Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in paragraph 92 of the Complaint.

**COUNT VII**
**Breach of Covenant of Good Faith and Fair Dealing**

93.     Defendants repeat and reallege as if fully set forth herein their responses to the allegations in paragraphs 1-92 of the Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.     Defendants deny the allegations contained in paragraph 96 of the Complaint.

**<u>GENERAL DENIAL</u>**

Defendants further deny any and all allegations in Plaintiff's Complaint except as expressly admitted above and denies that Shavel in entitled to any of the relief requested.

## DEFENSES

### FIRST DEFENSE

One or more causes of action set forth in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver and/or estoppel.

### THIRD DEFENSE

Plaintiff's alleged damages were not the result of any actions or omissions on the part of any of the Defendants.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or part, because the Parties expressly agreed that the terms of the contract and/or purchase orders should be modified for good faith reasons.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or part, based on the economic loss doctrine.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of its failure to mitigate its claimed damages, if any.

### SEVENTH DEFENSE

Any damages alleged by Plaintiff were the direct and proximate result of actions or inaction by Plaintiff or persons acting for on or behalf of Plaintiff.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or

its own inequitable conduct.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because all actions taken by Anand were reasonable and justified under the then-existing circumstances.

## TENTH DEFENSE

To the extent that Defendants had any contractual or other obligations whatsoever to Plaintiff, Defendants have fully complied with them.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of payment, setoff and/or recoupment.

## TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not breach any common law, statutory, contractual, or other owed duty to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's claims based on the alleged fraudulent conduct of Defendants relate only to its claim for breach of contract, state no independent basis for recovery, and as such, should be dismissed in their entirety.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged statements by Defendants that plaintiff claims to have relied upon were either not made or made in circumstances where reliance was unforeseeable or unjustified.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged misrepresentation or omission of fact or false statement made by Defendants was not material and/or plaintiff has

suffered no damages as a result of any alleged misrepresentation or omission of fact or false statement by Defendants.

**WHEREFORE**, Defendants demand that Plaintiff's Complaint be dismissed, with prejudice, in its entirety, and that Defendants be granted such other and further relief as this Court deems fair and just.

## COUNTERCLAIM OF ANAND INTERNATIONAL

Anand International, by its undersigned attorneys, for its counterclaim against Shavel Associates, Inc., states as follows:

### THE PARTIES

1.      Anand International ("Anand") is an Indian private limited company with a principal place of business in India.

2.      Upon information and belief, counterclaim defendant Shavel Associates, Inc. ("Shavel") is a New Jersey corporation with a principal place of business in Princeton, New Jersey.  Anand and Shavel are referred to herein as the "Parties."

### JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2).

4.      The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5.      The venue is proper in this district pursuant to 28 U.S.C. § 1391

### COUNT I

**Breach of Contract**

6.      Anand repeats and reasserts as if fully set forth herein its allegations in paragraphs 1-5 of the Counterclaim.

13

7.     Anand is engaged in the business of manufacturing home textiles and furnishings and supplies its products to retailers and consumers throughout the world.

8.     Anand has earned goodwill and reputation as one of the most reliable exporters of home textiles and furnishings in the United States of America, United Kingdom, European Union and Japan.

9.     Anand and Shavel entered into a contract for, among other things, the manufacture and supply of MircoFlannel® sheet sets (hereinafter referred to as "the Goods") using a flannel material allegedly developed by Shavel, after being satisfied with the samples manufactured by Anand.

10.     After mutual discussions and negotiations, the Parties agreed that Anand would manufacture the Goods against purchase orders raised by Shavel, and as per the samples, procedures, and technical specifications provided by Shavel.

11.     The Parties further agreed that all payments under any invoices raised by Anand relating to outsourced production would be cleared within 15 days from the shipment date (i.e., the date of the Bill of Lading ("B/L Date")), and payments with respect to in-house production would be cleared within 60 days from the B/L Date.

12.     Shavel later increased the projected requirement for the Goods which necessitated the outsourcing of production for the Goods.

13.     Accordingly, pursuant to Shavel's request, Anand set up a separate facility exclusively dedicated to the manufacture of the Goods.

14.     Pursuant to Shavel's request, Anand also conducted inspections by globally renowned third party inspection agencies, including, Bureau Veritas, SGS, Intertek Testing and

Inspection Services, and STR, and, where required, by JCPenny's India office, prior to shipment of the Goods.

15.     The Goods manufactured by Anand were in accordance with the samples and specifications provided by Shavel.

16.     The Goods cleared every final inspection conducted pursuant to Shavel's instructions and upon Shavel's knowledge.

17.     Anand shipped all of the Goods to Shavel in accordance with the agreed upon contract, purchase orders, and any modifications thereto.

18.     Shavel regularly placed purchase orders pursuant to the Parties' contract and accepted delivery of the Goods duly manufactured by Anand.

19.     However, several times during the period of production, Shavel caused delays by unilaterally modifying terms and specifications and due to its failure to give Anand timely production instructions.

20.     For example, in or about April 2011, Shavel changed the napping specifications with respect to the Goods which disrupted the entire chain of production and required Anand to procure more napping machinery to meet this enhanced napping requirement.

21.     Further, in or about July 2011, Anand was informed by Shavel during the later stages of production that the JCPenny orders raised by Shavel were for direct import to JCPenny, requiring the involvement of JCPenny's India office.

22.     These actions by Shavel also broke the chain of production, since the entire production had to be transferred to a JCPenny audited factory and 7,425 boxes of ready Goods had to be shifted to the audited factory for inspection by JCPenny's India office.

23.     Additionally, it was only during a during production inspection ("DURPO") by representatives of JCPenny, performed at the insistence of Anand, that it was revealed that tracking labels had to be affixed on each piece, causing a further back log in production, since each size of the Goods had a different tracking number, and Anand was forced to undo the entire packaging to meet this requirement.

24.     The above-referenced actions by Shavel not only affected pending purchase orders but also led to delays in production.

25.     These delays necessitated various extensions of time for deliveries of the Goods, all of which Shavel agreed to and approved.

26.     During the course of their business relationship with respect to these Goods, Anand took reasonable measures to ensure smooth transactions between the Parties and attempted to comply with all of Shavel's demands and requirements with respect to the Goods.

27.     For example, Anand complied with Shavel's unilateral modifications and alterations to various purchase orders.

28.     Pursuant to Shavel's request, Anand also agreed to pay a sum of $2,500 per invoice, for increased trucking and dispatch costs incurred by Shavel to help expedite delivery to its clients, all in a good faith effort to further the existing business relationship between the Parties.

29.     At all times relevant to the Parties' contract, Anand fully performed and complied with all of its obligations under the contract.

30.     Shavel, however, failed to perform and comply with all of its obligations under the Parties' contract.

31.     Instead of performing its obligations under the contract, Shavel began, among other things, raising false complaints and allegations against Anand, all after the purchase orders raised by Anand became due for payment and the entire balance of the advance deposit had been refunded to Shavel.

32.     Shavel ultimately failed to pay numerous invoices for the Goods, which constitutes a breach of contract.

33.     As of result of Shavel's breach, Anand has suffered damages.

34.     More specifically, Shavel has refused to pay the outstanding amount owed to Anand of approximately $307,578 under invoice nos. 3426, 3432, 3437, 3448, 3474, 3535, 3570 and 3495 (the "Unpaid Invoices").

35.     Additionally, while Anand was performing its obligations and maintaining a running loom for the production of the Goods subject to purchase orders, Shavel, in contravention to the discussions and agreements between the Parties, improperly canceled purchase order nos. 2056, 2057, 2058, 2098, 2049, 2050, 2108, 2105 and 2104 (the "Canceled Purchase Orders"), despite the fact that they were in the advance stages of production by Anand.

36.     As a result of the Canceled Purchase Orders, Anand has incurred significant damages and was left with stock and fabric worth more than $750,000 that it specifically purchased for future orders with Shavel through 2013 based on Shavel's representations and assurances that the underlying stock of the Goods and fabric would be adjusted against these future orders through 2013.

37.     Contrary to Shavel's representations and assurances as set forth above, Shavel has not only failed to take delivery of the underlying stock of Goods, but has also stopped placing any further purchase orders as promised.

17

38.     Moreover, Shavel has also taken certain steps to prevent Anand from selling this stock of Goods in the open market on the pretext that Shavel has a patent application pending with respect to the Goods.

39.     Based on the foregoing, Anand has been unable to dispose of the Goods and has been forced to incur costs of approximately $24,000 associated with the handling and storage of the Goods.

40.     Further, as a result of these improper cancellations of purchase orders by Shavel, Anand has also lost the entitlement to duty drawback and duty credit scrip, in the amount of approximately $58,980, under certain export incentive schemes of the Government of India.

<u>**COUNT II**</u>

**Unjust Enrichment**

41.     Anand repeats and reasserts as if fully set forth herein its allegations in paragraphs 1-40 of the Counterclaim.

42.     Shavel's receipt of the Goods constitutes a benefit for which Shavel did not pay, and retention or use of the Goods without payment is unjust.

43.     Shavel's failure to pay for the Goods has unjustly enriched Shavel.

**WHEREFORE**, counterclaim plaintiff Anand International demands judgment in its favor and against counterclaim defendant Shavel Associates, Inc., as follows:

(a)     That Anand be awarded an amount to be determined at trial but in no event less than $307,578 due to Shavel's failure to make payment on the Unpaid Invoices;

(b)     That Anand be awarded an amount to be determined at trial but in no event less than $24,000 towards storage and handling costs incurred by Anand associated with the improperly Canceled Purchase Orders;

(c)     That Anand be awarded an amount to be determined at trial but in no event less than $58,980 to Anand towards loss of export incentives under various schemes of the Government of India based on the improperly Canceled Purchase Orders;

(d)     That Anand be awarded consequential damages as provided by law;

(e)     That Anand be awarded both pre-judgment and post-judgment interest on each and every damage award;

(f)     That Anand be awarded its reasonable attorneys' fees, costs and disbursements of this action; and

(g)     That Anand have such other and further relief as the Court deems may deem just and proper.

Dated:  New York, New York
        April 24, 2015

                                        Respectfully submitted,

                                        McLAUGHLIN & STERN, LLP

                                        By:  /s/ Alan D. Sash
                                              Alan D. Sash

                                        260 Madison Avenue
                                        New York, New York 10016
                                        Tel.: 212.448.1100
                                        asash@mclaughlinstern.com
                                        *Attorneys for Defendants Anand*
                                        *International, Suresh Garg, Rakesh Garg*
                                        *and Komal Garg and Counterclaim Plaintiff*
                                        *Anand International*